1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10

11

ERIC ANGEL THOMAS,
CDC# T-68246,

12

                                   Plaintiff,

13

14

15

16        vs.

17

18

19    GEORGE W. CLARKE, BERNARD E.
      REVAK, LEO VALENTINE, GARY
20    EDWARDS,

21

                                   Defendants.

22

23

24

Civil No.    07-1252 LAB (BLM)

**ORDER:**

**(1)  GRANTING MOTION TO
PROCEED *IN FORMA PAUPERIS*,
IMPOSING NO INITIAL PARTIAL
FILING FEE AND GARNISHING
$350.00 BALANCE FROM INMATES'S
TRUST ACCOUNT;**

**(2)  DISMISSING ACTION
WITHOUT PREJUDICE FOR
FAILING TO STATE A
CLAIM AND FOR SEEKING
MONETARY DAMAGES AGAINST
DEFENDANTS WHO ARE IMMUNE
PURSUANT TO
28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b);
AND**

**(3)  DENYING PLAINTIFF'S
MOTION FOR STAY AND
ABEYANCE [Doc. No. 3]**

25      Plaintiff, a state inmate currently incarcerated at Folsom State Prison in Represa,

26  California, proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

27  Plaintiff claims that San Diego Superior Court Judges Clarke, Revak and Valentine violated his

28  constitutional rights when they refused to remove Plaintiff's Court appointed counsel, Gary

1    Edwards, from representing Plaintiff at the preliminary hearing of his criminal proceedings.

2         Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,

3    he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)

4    [Doc. No. 2], along with a "Motion for Stay and Abeyance of Federal Civil Rights Complaint"

5    [Doc. No. 3].

6    **I.      Motion to Proceed IFP [Doc. No. 2]**

7         All parties instituting any civil action, suit or proceeding in a district court of the United

8    States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

9    U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only

10   if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

11   *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however,

12   remain obligated to pay the entire fee in installments, regardless of whether their action is

13   ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847

14   (9th Cir. 2002).

15        The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

16   § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

17   28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement indicates

18   that he has insufficient funds from which to pay filing fees at this time.  *See* 28 U.S.C.

19   § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil

20   action or appealing a civil action or criminal judgment for the reason that the prisoner has no

21   assets and no means by which to pay the initial partial filing fee.").  Therefore, the Court

22   **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing

23   fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated

24   shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment

25   provisions set forth in 28 U.S.C. § 1915(b)(1).

26   **II.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

27        Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation

28   Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers

or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect."  *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

1  Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S.

2  527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);

3  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

4         First, Plaintiff names as a Defendant, Gary Edwards, the attorney appointed to represent

5  him during his criminal proceedings.  However, a person "acts under color of state law [for

6  purposes of § 1983] only when exercising power 'possessed by virtue of state law and made

7  possible only because the wrongdoer is clothed with the authority of state law.'"  *Polk County*

8  *v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326

9  (1941)).  Attorneys appointed to represent a criminal defendant during trial, do not generally act

10  under color of state law because representing a client "is essentially a private function ... for

11  which state office and authority are not needed."  *Polk County*, 454 U.S. at 319; *United States*

12  *v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).  Thus, when publicly appointed counsel

13  are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses,

14  presenting evidence at trial and arguing to the jury, they do not act under color of state law for

15  section 1983 purposes.  *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454

16  U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding

17  that public defender was not a state actor subject to suit under § 1983 because, so long as he

18  performs a traditional role of an attorney for a client, "his function," no matter how ineffective,

19  is "to represent his client, not the interests of the state or county.").

20         Accordingly, Plaintiff's claims against Gary Edwards  must be dismissed for failing to

21  state a claim upon which section 1983 relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

22  & 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

23         Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the

24  alleged ineffectiveness assistance of his trial counsel, his claim amounts to an attack on the

25  validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C.

26  § 1983 unless and until he can show that conviction has already been invalidated.  *Heck v.*

27  *Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir.

28  2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state

1  remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*,

2  124 S. Ct. 2388 (2004).      *Heck*    holds that "in order to recover damages for allegedly

3  unconstitutional conviction or imprisonment, or for other harm caused by actions whose

4  unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove

5  that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

6  declared invalid by a state tribunal authorized to make such determination, or called into

7  question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

8  A claim challenging the legality of a conviction or sentence that has not been so invalidated is

9  not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

10      In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

16  *Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed

17  for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds

18  in invalidating his conviction. *Edwards*, 520 U.S. at 649.

19      Here, Plaintiff's ineffective assistance of counsel claims against Edwards "necessarily

20  imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S.

21  at 487. Were Plaintiff to succeed in showing that Edwards rendered ineffective assistance of

22  counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Id.*;

23  *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective

24  assistance claim petitioner must show that counsel's performance fell below objective standard

25  of reasonableness and that but for counsel's errors the result of the trial would have been

26  different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective

27  assistance of counsel is a conditional writ granting petitioner's release unless state retries him

28  or allows him to pursue an appeal with the assistance of counsel within a reasonable time).

Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal proceedings in a San Diego Superior Court criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

Moreover, in Plaintiff's Complaint he names San Diego Superior Court Judges Clarke, Revak and Valentine. To the extent Plaintiff seeks damages under § 1983 against Judges Clarke, Revak and Valentine for refusing to remove defendant Gary Edwards as Plaintiff's attorney during his criminal trial, these Defendants are entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (noting the longstanding rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

Thus, Plaintiff's claims against Defendants Clarke, Revak and Valentine are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief.

**III.    Plaintiff's Motion for Stay and Abeyance of Federal Civil Rights Complaint**

In this Motion, Plaintiff seeks an Order from this Court staying this action while he proceeds with his state habeas petition. Specifically, Plaintiff has recognized that this case is not yet cognizable pursuant to the *Heck* case for all the reasons stated above. However, Plaintiff's Complaint suffers from a number of deficiencies aside from the *Heck* bar. It would not be in the interest of judicial economy to stay this matter when it must be dismissed for reasons other than *Heck* grounds.

**IV.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.    Plaintiff's "Motion for Stay and Abeyance of Federal Civil Rights Complaint Proceeding Pending Exhaustion of State Habeas Petition" [Doc. No. 3] is **DENIED**.

*////*

2. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: August 13, 2007

**HONORABLE LARRY ALAN BURNS**
United States District Judge

1    CC:          ALL PARTIES AND COUNSEL OF RECORD
                  * HONORABLE MAGISTRATE JUDGE WILLIAM McCURINE, JR.

2

3                 **JAMES TILTON, ACTING SECRETARY
                  CALIFORNIA DEPARTMENT OF CORRECTIONS
                  AND REHABILITATION

4                 PO BOX 942883
                  SACRAMENTO CA 94283-0001

5

6    ATTACHMENT:  FORM AMENDED COMPLAINT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28