# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANGEL THOMAS, CDC# T-68246,<br><br>                    Plaintiff,<br><br>vs.<br><br>GEORGE W. CLARKE, BERNARD E. REVAK, LEO VALENTINE, GARY EDWARDS,<br><br>                    Defendants. | Civil No.   07-1252 LAB (BLM)<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b); AND**<br><br>**(2) DENYING PLAINTIFF'S RENEWED MOTION FOR STAY AND ABEYANCE [Doc. No. 7]** |

**I.     Procedural History**

On July 7, 2007, Plaintiff, a state inmate currently incarcerated at Folsom State Prison in Represa, California, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claimed that San Diego Superior Court Judges violated his constitutional rights when they refused to remove Plaintiff's Court appointed counsel, Gary Edwards, from representing Plaintiff at the preliminary hearing of his criminal proceedings.

In addition to filing a Motion to Proceed *In Forma Pauperis* ("IFP"), Plaintiff also filed a "Motion for Stay and Abeyance of Federal Civil Rights Complaint." This Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which § 1983 relief could be granted and denied Plaintiff's Motion for Stay and Abeyance. *See* Aug. 13, 2007 Order at 6-7. The Court identified the many deficiencies of pleading in Plaintiff's Complaint. *Id.* at 3-6. Nonetheless, the Court granted Plaintiff leave to file an Amended Complaint in order to correct those deficiencies of pleading. *Id.* at 7. On September 12, 2007, Plaintiff filed his First Amended Complaint ("FAC"), in addition he filed a renewed "Motion for Stay and Abeyance of Civil Action pending Exhaustion of State Proceedings."

## II.   Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

1 | 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

2 | "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

The allegations in Plaintiff's First Amended Complaint are no different than those he presented in his original Complaint. Specifically, Plaintiff continues to allege that his due process rights were violated by San Diego Superior Court Judges during his criminal trial proceedings. He vehemently disagrees with the rulings that were made by these Judges and claims that his "conviction should not stand. . . meaning the [criminal conviction] is illegitimate." *See* FAC at 5.

As the Court informed Plaintiff in its previous Order, he cannot seek monetary damages against San Diego Superior Court Judges Clarke, Revak and Valentine because they are entitled to absolute judicial immunity. *See* Aug. 13, 2007 Order at 6 (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (noting the longstanding rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and

those performing judge-like functions are absolutely from damage liability for acts performed in their official capacities.")). The allegations made by Plaintiff all relate directly to the rulings these Judges made during his criminal proceedings. Thus, the claims against Defendants Clarke, Revak and Valentine are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for seeking monetary relief against defendants who are immune from such relief.

In addition, the entire basis for Plaitniff's First Amended Complaint, is the allegation that he was convicted of a crime due to the actions, or inactions, of all the named Defendants. Such allegations amount to an attack on the validity of his underlying criminal proceedings, and as such, are not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *See* Aug. 13, 2007 Order (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). He has failed to show that his conviction has been invalidated. Instead, he claims that his criminal action was "obtained by 'illegal' and 'unconstitutional means." FAC at 5. *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds

in invalidating his conviction. *Edwards*, 520 U.S. at 649.

In addition, this Court will not convert Plaintiff's First Amended Complaint into a Petition for Writ of Habeas Corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole federal remedy is a writ of habeas corpus.").

Thus, the Court finds that Plaintiff's First Amended Complaint must be dismissed for failing to state a claim upon which § 1983 relief may be granted and for seeking monetary damages against immune Defendants. 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27. Because the Court has previously notified Plaintiff of his pleading deficiencies and has already granted him an opportunity to amend, and it does not now appear "at all possible that ... plaintiff can correct the defect(s)" of his pleading, further leave to amend is denied as futile. *See Lopez*, 203 F.3d at 1130-31.

### III.   Plaintiff's Motion for Stay and Abeyance of Federal Civil Rights Complaint

Once again, Plaintiff also seeks an Order from this Court staying this action while he proceeds with his state habeas petition [Doc. No. 7]. For this proposition Plaintiff relies on the recent Supreme Court decision found in *Wallace v. Kato*, __ U.S. __, 127 S.Ct. 1091 (2007). However, in *Wallace*, the Supreme Court held the limitation period for a § 1983 claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process," even where the arrest later leads to a criminal conviction. *Id.* at 1100. Here, Plaintiff has no false arrest claims and his First Amended Complaint suffers from deficiencies other than the *Heck* bar. Thus, Plaintiff's Motion for a Stay and Abeyance is **DENIED** [Doc. No. 7].

### IV.   Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

1.   Plaintiff's renewed "Motion for Stay and Abeyance of Federal Civil Rights Complaint Proceeding Pending Exhaustion of State Habeas Petition" [Doc. No. 7] is **DENIED**.

////

////

**IT IS FURTHER ORDERED** that:

2. Plaintiff's Amended Complaint [Doc. No. 5] is DISMISSED for failing to state a claim upon which section 1983 relief can be granted and for seeking monetary damages against immune Defendants without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is further notified that this dismissal may later be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).[1]

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: October 9, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal ... under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).